UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TED ADDISON                                              CIVIL ACTION

VERSUS                                                   NO. 13-5264

CASEY MCVEA ET AL.                                       SECTION "R" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Ted Addison, is a convicted prisoner currently incarcerated in the Rayburn Correctional Center in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Rayburn Correctional Center ("Rayburn") Warden Robert Tanner, Casey McVea, Bessie Carter, Deputy Warden Keith Bickham and James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("DOC"). Plaintiff asserts that defendants have provided him with constitutionally inadequate medical care for his severe degenerative disc disease. Plaintiff seeks monetary compensation and injunctive relief. Record Doc. No. 1 (Complaint).

Plaintiff filed a motion for a temporary restraining order and a preliminary injunction, Record Doc. No. 8, and a brief in support of his motion. Record Doc. No. 16. The preliminary injunctive relief requested is that defendants "immediately arrange for, and provide without further delay the prescribed medical procedure." Record Doc. No. 8 at p. 3. A hearing was conducted by me on September 12, 2013. Plaintiff's testimony was received for all purposes contemplated by Spears v. McCotter, 766 F.2d 179 (5th

Cir. 1985), and its progeny. Record Doc. No. 23. During his testimony, plaintiff stated that the "prescribed medical procedure" was surgery to address his degenerative disc condition.

Since the filing of plaintiff's motion, defendants have advised the court that plaintiff has now undergone surgery for his degenerative disc condition. Record Doc. No. 34-1. Accordingly, having considered the record, including plaintiff's motion papers, his Spears testimony and defendant's subsequent submission, I am issuing this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition only of plaintiff's motion requesting preliminary injunctive relief, not as to the remainder of his case, including his request for damages.

In summary, plaintiff's written submissions, as expanded upon by his Spears testimony, allege that defendants have provided him with constitutionally inadequate medical care for severe degenerative disc disease, including but not limited to surgery, which a physician had previously recommended, but which defendants had failed at the time suit was filed to provide. Defendants have advised the court that plaintiff has now undergone the recommended surgery for his degenerative disc condition. Record Doc. No. 34-1. Because plaintiff has received the relief sought in his motion for preliminary injunctive relief, it is unnecessary for the court to order it, and the motion is moot. The remainder of plaintiff's complaint for damages and addressing other components of his claims of inadequate medical care will remain pending for later disposition.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Record Doc. No. 8, be **DISMISSED AS MOOT**, leaving the remainder of the claims in his complaint for later disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___24th___ day of January, 2014.

```
        JOSEPH C. WILKINSON, JR.
        UNITED STATES MAGISTRATE JUDGE
```

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.