UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TED ADDISON                                    CIVIL ACTION

VERSUS                                         NO: 13-5264

CASEY McVEA ET AL.                             SECTION: R

**ORDER AND REASONS**

The plaintiff, Ted Addison and the defendants, Casey McVea, et al. object to Magistrate Judge Joseph Wilkinson's Report and Recommendation ("R&R), which recommends that the plaintiff's complaint should not be dismissed as a screening matter under 28 U.S.C. § 1915A and that further proceedings should be scheduled. Having reviewed *de novo* the record, the Magistrate's R&R,[1] the plaintiff and defendants' objections thereto,[2] and the applicable law, the Court agrees with Judge Wilkinson's recommendation and adopts the R&R as its opinion.

Defendants object to one aspect of Judge Wilkinson's R&R: that claims for injunctive relief remain in this suit.[3] The defendants argue that because this Court found the plaintiff's motion for a preliminary injunction and a restraining order moot, Judge Wilkinson erred in stating that claims for injunctive relief remain in this suit.[4] The Court finds this objection to be

---

[1] R. Doc. 37.

[2] R. Doc. 41; R. Doc. 40.

[3] R. Doc. 40 at 2.

[4] R. Doc. 40 at 2.

without merit. When this Court dismissed as moot the plaintiff's motion for a temporary restraining order and preliminary injunction,[5] it adopted Judge Wilkinson's previous R&R on the motion, which stated,

> Because plaintiff has received the relief sought in his motion for preliminary injunctive relief, it is unnecessary for the court to order it, and the motion is moot. The remainder of the plaintiff's complaint for damages *and addressing other components of his claims of inadequate medical care* will remain pending for later disposition.[6]

The scope of the requested injunctive relief in the plaintiff's motion for preliminary injunction is narrower than that of his claims for injunctive relief in the initial complaint. In his motion for a preliminary injunction, the plaintiff requested only that the defendants "arrange for, and provide without further delay the prescribed medical procedure."[7] In his initial complaint, however, the plaintiff requests an injunction "requiring the named defendants [to] provide the necessary medical care to correct the diagnosed condition," including any injury caused by delay in undergoing surgery, as well as "any physical therapy, medications, and follow up care ordered by an expert in the pertinent field of medicine.[8] As such, outstanding

---

[5] R. Doc. 36.

[6] R. Doc. 35 at 2 (emphasis added).

[7] R. Doc. 8 at 3.

[8] R. Doc. 1 at 36.

claims for injunctive relief related to the plaintiff's claims of inadequate medical care remain.

Defendants request that the Court identify against which defendants the claim for injunctive relief is made. It is clear from plaintiff's complaint that he seeks injunctive relief from *all* defendants.[9] If certain parties believe they are not appropriate defendants with respect to an order for injunctive relief, they are free to raise that issue in a motion to dismiss.

Plaintiff objects to one aspect of the R&R: the statement that the medical records establish that the medical staff provided the plaintiff with a back brace and ibuprofen.[10] Plaintiff contends that the back brace was his personal property, which he was only allowed to use after much argument with the medical staff. He further claims that he obtained the ibuprofen himself from "various sources about the prison." Because the Court is allowing plaintiff's claims to proceed, the true source of these items is irrelevant to today's disposition. Plaintiff is encouraged to introduce evidence as to the source of the brace and ibuprofen in further proceedings before the magistrate judge.

New Orleans, Louisiana, this 10th day of July, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 1 at 36.

[10] R. Doc. 41 at 2.