UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TED ADDISON                                               CIVIL ACTION

VERSUS                                                    NO. 13-5264

CASEY McVEA ET AL.                                        SECTION "R" (2)

# REPORT AND RECOMMENDATION

Plaintiff, Ted Addison, is a convicted prisoner currently incarcerated in the Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Rayburn Correctional Center Warden Robert Tanner, Casey McVea, Bessie Carter, Deputy Warden Keith Bickham and James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("DOC"). Plaintiff asserts a single claim that defendants have provided him with constitutionally inadequate medical care for his severe degenerative disc disease. He seeks monetary damages and injunctive relief. Complaint, Record Doc. No. 1; Amended Complaint, Record Doc. No. 28.

After Addison had back surgery, the court dismissed as moot his motion for a temporary restraining order and preliminary injunction seeking to compel the surgery. The court noted that claims for injunctive relief remain in this suit as a component of plaintiff's claim of constitutionally inadequate medical care. Chief Judge Vance overruled defendants' objections that Addison had not asserted any claims for additional injunctive relief and stated:

> In his initial complaint, . . . plaintiff requests an injunction "requiring the named defendants [to] provide the necessary medical care to correct the diagnosed condition," including any injury caused by delay in undergoing surgery, as well as "any physical therapy, medications, <u>and follow up care</u> ordered by an expert in the pertinent field of medicine.["] As such, outstanding claims for injunctive relief related to the plaintiff's claims of inadequate medical care remain.

Order and Reasons, Record Doc. No. 43, at pp. 2-3 (quoting Complaint, Record Doc. No. 1 at p. 36) (emphasis added).

Defendants filed a Motion to Dismiss Claims for Injunctive Relief Based on Sovereign Immunity. Record Doc. No. 45. They argue that Addison fails to assert an actionable claim for injunctive relief because his complaint seeks such relief regarding post-operative care that had neither occurred nor, more importantly, been denied at that time. They argue that, because Addison's complaint fails to state a claim for an ongoing violation of a constitutional right, the <u>Ex parte Young</u> exception to sovereign immunity does not apply and sovereign immunity bars his claims for injunctive relief. Plaintiff filed a timely memorandum in opposition to the motion. Record Doc. No. 48.

Following a status conference on August 7, 2014, a written form of consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) was circulated among the parties and consideration of defendants' motion to dismiss was deferred pending the parties' decision on whether they would consent pursuant to Section 636(c). Record Doc. No. 50. To date, no consent form signed by <u>all</u> parties has been returned to the court. Accordingly, I have considered the motion to dismiss and prepared

findings and recommendation for the presiding district judge pursuant to 28 U.S.C. § 636(b)(1)(B).

 A. Standards of Review

Defendants bring their motion under Fed. R. Civ. P. 12(b)(1) on the basis that sovereign immunity deprives the court of subject matter jurisdiction as to plaintiff's claims for post-operative injunctive relief. Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions brought under Rule 12(b)(1)

> allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.
>  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); accord Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762-63 (5th Cir. 2011); Johnson v. Aramco Servs. Co., 164 F. App'x 469, 470 (5th Cir. 2006). Defendants in the instant case rely solely on the allegations of plaintiff's complaint for their challenge.

A Rule 12(b)(1) motion is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008); Wells v. Ali, 304 F. App'x 292, 293 (5th Cir. 2008); Dooley v. Principi, 250 F. App'x 114, 115-16 (5th Cir. 2007).

The Supreme Court recently clarified the Rule 12(b)(6) standard, as follows:

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court . . . explained that [courts must use] . . . a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Rhodes v. Prince, 360 F. App'x 555, 557-58 (5th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787,

803 n.44(5th Cir. 2011) (quotation omitted). Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011).

  B. The Motion Should Be Denied

Defendants argue that plaintiff's claims for injunctive relief under Section 1983 are barred by the Eleventh Amendment to the United States Constitution, which preserves the sovereign immunity of the States. While the State of Louisiana generally has not waived its sovereign immunity from Section 1983 lawsuits, the Eleventh Amendment, as interpreted by Ex parte Young, 209 U.S. 123 (1908), and its progeny, "permits suits for prospective injunctive relief against state officials who are acting in violation of federal law." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citing Ex parte Young, 209 U.S. at 123). Defendants argue that the Ex parte Young exception does not apply and sovereign immunity bars Addison's claims for injunctive relief because his complaint alleges post-operative actions that had not yet occurred and thus fails to "allege[ ] an ongoing violation of federal law." Verizon Md., Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 645 (2002) (quotation omitted) (emphasis added). In addition, defendants contend that any attempt by Addison to amend his complaint to add a claim for post-operative failures to provide him with medical treatment would be futile because he has not exhausted his administrative remedies as to such actions.

Applying the standards above, defendants' motion to dismiss should be denied. Section 1983 claims against Secretary LeBlanc and the other defendants in their official capacities[1] are barred by the Eleventh Amendment to the United States Constitution. A state actor sued in his or her official capacity is not considered a person for purposes of suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Instead, the action would be considered one against the employer, in this case, the State of Louisiana through the Department of Corrections. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978).

The DOC itself is a department within the Louisiana state government. La. Rev. Stat. Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the state because any judgment against it or its subdivisions necessarily would be paid from state funds. Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the DOC, LeBlanc and the other defendants in their official capacities is a suit against the State of Louisiana, which is prohibited by the Eleventh Amendment. Citrano v. Allen Corr. Ctr., 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred

---

[1] Although plaintiff argues in his opposition memorandum that he sued the defendants in their individual capacities, the court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

by the Eleventh Amendment.") (citing Anderson, 655 F. Supp. at 560; Bldg. Eng'r Serv. Co. v. Louisiana, 459 F. Supp. 180 (E.D. La. 1978)).

The State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Richardson v. S. Univ., 118 F.3d 450, 452 (5th Cir. 1997).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990). The DOC has not done so in this case.

"To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." Frew ex rel. Frew, 540 U.S. at 437 (citing Ex parte Young, 209 U.S. 123 (1908)). This standard allows federal courts to order prospective relief and ancillary relief thereto when a violation of federal law exists. Id. (citing Edelman v. Jordan, 415

U.S. 651 (1974); Milliken v. Bradley, 433 U.S. 267 (1977); Green v. Mansour, 474 U.S. 64, 71-73 (1985)).

"In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc., 535 U.S. at 645 (quotation omitted). Addison's complaint seeks "an injunction 'requiring the named defendants [to] provide the <u>necessary medical care to correct the diagnosed condition</u>,' including any injury caused by delay in undergoing surgery, as well as 'any physical therapy, medications, and follow up care ordered by an expert in the pertinent field of medicine.[']" Order and Reasons, Record Doc. No. 43, at pp. 2-3 (quoting Complaint, Record Doc. No. 1 at p. 36) (emphasis added). Addison initially moved for a preliminary injunction to provide him with the narrowly defined remedy of back surgery, but his complaint alleges other, ongoing failures to provide medical care for his diagnosed condition that could be the subject of prospective injunctive relief. In his recently filed Motion for Institutional Transfer, Record Doc. No. 52, Addison alleges that he has not received post-operative physical therapy at Rayburn and that Dr. McVea has refused to authorize any further treatment, even though plaintiff has been diagnosed with damage to his thoracic spine and nerve damage, for which he needs continued treatment. These factual allegations

allege an ongoing violation of federal law and are straightforwardly encompassed by the well pleaded claims for prospective injunctive relief in plaintiff's complaint.

Accordingly, the doctrine of Ex parte Young applies to abrogate defendants' sovereign immunity with respect to plaintiff's claims for prospective injunctive relief and defendants' motion to dismiss should be denied.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendants' Motion to Dismiss Claims for Injunctive Relief Based on Sovereign Immunity be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this __23rd__ day of September, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.