UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TED ADDISON                                CIVIL ACTION

VERSUS                                     NO: 13-5264

CASEY MCVEA ET AL.                         SECTION: R(2)

## ORDER AND REASONS

Before the Court is defendants' motion for summary judgment on plaintiff's 42 U.S.C. § 1983 claim that defendants failed to provide plaintiff with adequate medical care during his incarceration at Rayburn Correctional Center ("Rayburn").[1] Plaintiff filed a timely opposition to defendants' motion,[2] and Magistrate Judge Wilkinson issued a Report and Recommendation ("R&R) recommending that the Court grant defendants' motion for summary judgment and dismiss plaintiff's claim with prejudice.[3] More specifically, Magistrate Judge Wilkinson recommends that the Court dismiss plaintiff's claims against defendants in their individual capacities because the defendants are entitled to qualified immunity. Magistrate Judge Wilkinson also recommends dismissal of plaintiff's claims against defendants in their official capacities because plaintiff failed to offer any evidence demonstrating an ongoing violation of his constitutional rights.

---

[1] R. Doc. 61.

[2] R. Doc. 73.

[3] R. Doc. 74.

In his objection, plaintiff repeatedly argues that the Magistrate Judge erred in ignoring certain allegations in plaintiff's Amended Complaint.[4] The sufficiency of plaintiff's Amended Complaint, however, is not at issue. Indeed, the Court previously denied defendants' motion to dismiss finding that plaintiff adequately alleged an ongoing violation of his right to adequate medical care.[5] The issue now before the Court, however, is whether plaintiff offered sufficient evidence to defeat defendants' motion for summary judgment. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (holding that to defeat summary judgment, a nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial"). Thus, to defeat defendants' properly supported motion for summary judgment, plaintiff is required to produce competent evidence to create a genuine question of material fact as to defendants' entitlement to qualified immunity and sovereign immunity.[6] Plaintiff's reliance on allegations in his

---

[4] *See, e.g.*, R. Doc. 75 at 25 ("I firmly stand upon the content of the complaint and I do so with certitude.").

[5] R. Doc. 56.

[6] In support of their motion for summary judgment, defendants provided a complete, verified copy of plaintiff's medical records, a complete, verified copy of plaintiff's "movement log" within state prison system, and five affidavits supporting defendants' claim for sovereign immunity and qualified immunity. R. Docs. 61-3, 61-4, 61-5, 61-6, 61-7, 61-8, and 61-9.

complaint is insufficient. *Weyant v. Acceptance Ins. Co.*, 917 F.2d 209, 212 (5th Cir. 1990) ("[T]he party opposing the [summary judgment] motion may not sit on its hands, complacently relying upon the pleadings."). Thus, the Magistrate Judge did not err in disregarding the unsupported allegations in plaintiff's Amended Complaint.

Plaintiff also argues that the Magistrate Judge failed to consider medical records included in plaintiff's "Memorandum of Advisement."[7] This objection is belied by the record. In his Memorandum of Advisement, plaintiff included: (1) Dr. Reece Newsome's notes dated November 18, 2011;[8] (2) Dr. Clement Wen's MRI interpretation notes dated December 1, 2011;[9] (3) Dr. Jayme Trahan's "progress notes" dated October 7, 2013;[10] (4) Nurse Practitioner Robyn Givens' "progress notes" dated December 5, 2013;[11] and (5) Dr. Frank Culicchia's "progress notes" dated March 17, 2014.[12] Contrary to plaintiff's objection, the Magistrate Judge reviewed the entirety of plaintiff's medical records before issuing

---

[7] R. Doc. 75-1.

[8] *Id.* at 42.

[9] *Id.* at 65

[10] *Id.* at 13.

[11] *Id.* at 14.

[12] *Id.* at 17.

the R&R.[13]  Indeed, the Magistrate Judge's R&R discusses each and every medical record that plaintiff attached in his Memorandum of Advisement.[14]  Accordingly, the Court finds plaintiff's argument that the Magistrate Judge erred by ignoring plaintiff's evidence to be without merit.

The Court has reviewed de novo plaintiff's complaint, the record, the applicable law, the Magistrate Judge's R&R, and plaintiff's objections thereto, and finds that the Magistrate Judge correctly concluded that plaintiff's claims are barred by the doctrines of sovereign immunity and qualified immunity.  The Court therefore approves the R&R and adopts it as its opinion.  Accordingly, plaintiff's complaint is hereby dismissed with prejudice.

New Orleans, Louisiana, this  30th  day of June, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. 61-4.

[14] *See* R. Doc. 74 at 3-13.